FILED
SCRANTON

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SEP 2 8 2011

PER _____
DEPUTY CLERK

CLARENCE S. JUPITER,

    Plaintiff,

    v.

JOHN JOHNSON and
RONNIE HOLT,

    Defendants.

Civil No. 3:10-CV-01968

(Judge Kosik)

## MEMORANDUM

Presently before us is the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser, filed on April 26, 2011, as well as Plaintiff's Objection to the R&R, Defendants' Brief in Opposition to the Objections to the R&R, Defendants' Objections to the R&R, Plaintiff's reply briefs to the Defendants' Objections to the R&R, Defendants' Reply Brief in Support of Their Objections to the Magistrate Judge's R&R, and Defendants' Motion to Exceed Page Limitation[1]. For the reasons that follow, we will adopt the Magistrate Judge's recommendation that the Defendants' motion for summary judgment be granted because Plaintiff has failed to exhaust available administrative remedies. We have subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and § 1343 because the claims in the Complaint raise federal questions.

### Procedural History

Plaintiff, Clarence S. Jupiter, is a prisoner confined at the United States Penitentiary in Canaan Township, Pennsylvania ("Canaan"). (Doc. 1, p. 1; Doc. 14, p. 1). On September 21, 2010, Plaintiff filed a Complaint against Defendants, Supervisory Chaplain John Johnson and Warden Ronnie Holt, alleging that they violated Plaintiff's rights under the First Amendment

---

[1]Defendants filed their Motion to Exceed Page Limitation on June 3, 2011 along with their Objections to the Report and Recommendation. We will grant this motion.

and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, ("RFRA"). (*Id.*) Plaintiff is seeking an award of damages in the amount of $200,000.00 against each defendant and further relief the Court deems just and proper. (Doc. 1, p. 3).

On January 4, 2011, Defendants filed a Motion to Dismiss and/or, in the Alternative, for Summary Judgment. (Doc. 14). In their Brief in Support of the Motion filed on February 1, 2011, Defendants argued that the Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction; that the Complaint should be dismissed or summary judgment granted because Plaintiff failed to state a First Amendment claim; that Plaintiff's claim fails as a matter of law under RFRA; that summary judgment should be granted because the Defendants are entitled to qualified immunity; and/or that summary judgment be granted in favor of Defendant Holt because he lacked personal involvement. (*See* Doc. 20).

Plaintiff filed his Brief in Opposition to Defendant's Motion on February 15, 2011 and an amendment to that brief on February 17, 2011. (Doc. 25, 28). On March 21, 2011, Defendants filed a Reply Brief in response to their original motion to dismiss and/or for summary judgment and to materials the Plaintiff filed. (Doc. 32). Plaintiff then filed two sur reply briefs in response to Defendants' dismissal/summary judgment motion. (Doc. 34, 37).

Magistrate Judge J. Andrew Smyser filed his R&R on April 26, 2011. (Doc. 41). In the R&R, the Magistrate Judge recommended that we deny the motion pursuant to 12(b)(1)[2]; deny the motion pursuant to 12(b)(6); deny the motion for summary judgment with regards to Defendant Holt's involvement; deny the motion for summary judgment with regards to the

---

[2]The Defendants argue that their motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure should be granted for lack of subject matter jurisdiction. (Doc. 41, p. 3). The Magistrate Judge found the sovereign immunity argument to be moot because Plaintiff clarified that he was suing Defendants in their individual, and not official, capacities. (*Id.*). Neither Plaintiff nor Defendants objected to the Magistrate Judge's R&R with regards to this issue. As such, we will adopt the Magistrate's R&R with regards to the official capacity argument. We find this issue to be moot.

First Amendment claims; deny the motion for summary judgment with regards to whether the Defendants had qualified immunity; deny the motion for summary judgment with regards to the RFRA claim; and, grant the motion for summary judgment with regards to the exhaustion of administrative remedies.[3]

On May 10, 2011, Plaintiff filed his Objections to the R&R. (Doc. 43). Defendants filed a brief in opposition to these objections on May 23, 2011. (Doc. 45). Defendants then filed their objections to the R&R on June 3, 2011 and a Motion to Exceed Page Limitation. (Doc. 46, 47). Plaintiff replied to the Defendants' objections on June 6 and June 27, 2011. (Doc. 49, 50). Finally, Defendants filed a reply brief in support of their objections to the Magistrate's R&R. (Doc. 53). The Magistrate Judge's R&R and Plaintiff's and Defendants' various filings are presently before us and ripe for adjudication. For the reasons that follow, we will adopt the Magistrate Judge's R&R. In particular, we will adopt his finding on the failure to exhaust argument. Because we will grant the Defendants' motion for summary judgment for failure to exhaust administrative remedies, we will not address the remaining issues raised in the Magistrate Judge's R&R and the objections filed thereto.

### Factual Background

We summarize the factual allegations of Plaintiff's Complaint as follows:

Plaintiff is a member of the Nation of Islam. He requested that Defendant Johnson provide him with a halal vegetarian diet consistent with his religious beliefs. Defendant Johnson rejected Plaintiff's request and stated that the only religious diets provided at Canaan are the "common-fare" and "no-flesh" diets.

Plaintiff filed an administrative remedy request with Defendant Holt. Defendant Holt refused to overrule Defendant Johnson's decision denying the Plaintiff's request for a halal vegetarian diet. Plaintiff appealed Defendant Holt's decision, but his appeal was denied.

---

[3]The Defendants' argument on the motion for summary judgment claiming that Plaintiff did not exhaust his administrative remedies was first seen in the Reply Brief filed on March 21, 2011. (Doc. 32).

Plaintiff alleges that the Defendants were aware that halal vegetarian meals were stocked in the food-service department at Canaan, yet the Plaintiff was denied the halal vegetarian diet. This diet is required by Plaintiff's religion and he has been allegedly denied it since July of 2009[4]. Because of the denial, Plaintiff asserts that he has been forced to eat foods that violate his religious beliefs. Plaintiff is seeking damages from each defendant.

### Standard of Review

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 249. The court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. *Hugh v. Butler County Family YMCA,* 418 F.3d 265, 267 (3d Cir. 2005).

Initially the moving party must show the absence of a genuine issue concerning any material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 257; *see Celotex Corp.,* 477 U.S. at 323-24. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Hugh,* 418 F.3d at 267 *citing Anderson,* 477 U.S. at 251. Neither unsworn statements of counsel in memoranda submitted to the court nor unsupported conclusory allegations in the pleadings will dispute a material fact. *See* Fed. R.

---

[4]As will be explained *infra.,* Plaintiff has been receiving a halal vegetarian diet since June, 2011. (Doc. 53, p. 5).

Civ. P. 56(e); *Schoch v. First Fid. Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990).

If the court determines that the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, then no genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

## Discussion

### I. Plaintiff's Objections

When objection are filed to a R&R of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); *see Sample v. Diecks,* 855 F.2d 1099, 116 n.3 (3d Cir. 1989). Written objections to a R&R must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980); *see also Goney v. Clark,* 749 F.2d 5, 7 (3d Cir. 1984).

We read Plaintiff's filings liberally because of his pro se status and we will address the recommendation of the April R&R and Plaintiff's contentions *seriatim.* We note as a preliminary matter that Plaintiff's Objections address the issue of whether or not he exhausted his administrative remedies.

### II. Motion for Summary Judgment - Exhaustion of Administrative Remedies

In the R&R, the Magistrate Judge discussed a motion for summary judgment in regards to the exhaustion of administrative remedies, the personal involvement of Defendant

Holt, the First Amendment claim, qualified immunity and RFRA. (*See* Doc. 41). Objections were filed by both Plaintiff and Defendants to the R&R. Because we are adopting the Magistrate Judge's recommendation that the Defendants' motion for summary judgment be granted because Plaintiff has failed to exhaust available administrative remedies, we will only address the objections relating to this issue.

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conduct under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of available administrative remedies is mandatory. *Booth v. Churner,* 532 U.S. 731, 739 (2001). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno,* 204 F.3d 65, 75 (3d Cir. 2000). "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77.

42 U.S.C. § 1997e(a) requires proper exhaustion. *Woodford v. Ngo,* 548 U.S. 81 (2006). It requires more than simple exhaustion - i.e. more than that there is no further process available to the inmate within the grievance system. *Spruill v. Gillis,* 372 F. 3d 218, 227-31 (3d Cir. 2004). Section 1997e(a) requires that an inmate follow the procedural requirements set forth in the administrative remedy process that is available to him. *Id.* at 231. The Supreme Court has said that

> [b]ecause exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."

*Woodford,* 548 U.S. at 89 (internal citations omitted).

Failure to exhaust available administrative remedies is an affirmative defense. *Jones v. Bock,* 549 U.S. 199, 216 (2007). As an affirmative defense, the failure to exhaust available

administrative remedies must be pleaded and proven by the defendants. *Brown v. Croak,* 312 F. 3d 109, 111 (3d Cir. 2002).

Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate must first present an issue of concern informally to staff before submitting a Request for Administrative Remedy. 28 C.F.R. § 542.13(a). If the attempt at informal resolution is not successful, an inmate must address a Request for Administrative Remedy to the institution staff member designated to receive such requests. 28 C.F.R. § 542.14(a), (c)(4). The Warden will respond to the Request for Administrative Remedy and an inmate who is not satisfied with the Warden's response may appeal to the Regional Director. 28 C.F.R. § 542.15(a). Finally, an inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel. *Id.*

Plaintiff's use of the administrative remedies process has been summarized by the Magistrate Judge. Initially, Plaintiff submitted an informal resolution form requesting "no meat entrees in light of the common fare meals." (Doc. 41, p 22). He asserted that the current entrees violated his religious dietary laws because they contain flesh or flesh products and that sometimes the food is served in a tray where the non-flesh foods are soiled or stained by the flesh foods. (*Id.*). In response to the form, Plaintiff was informed of the Bureau of Prison ("BOP") meals options and told that if those options did not adequately address his religious dietary needs he could obtain a "New or Unfamiliar Religious Components Questionnaire"[5] from the Chaplain and submit it. (*Id.*).

Following this response, Plaintiff filed a request for an administrative remedy with Defendant Holt. (*Id.* at 23). He stated that the Chaplain had been advised that his request for

---

[5]"New or Unfamiliar Religious Components Questionnaire" is a form to be filled out by inmates when they are requesting a religious activity (i.e., a new diet) and additional information is required by the Chaplain to decide whether or not to include or exclude the practice from the Chaplaincy Services Program. 28 C.F.R. § 548.12(b).

a halal/kosher vegetarian diet is based on his interpretation of Nation of Islam holy books. (*Id.*). He also stated that his request for a halal vegetarian diet is based on his sincerely held religious beliefs. (*Id.*).

Defendant Holt advised the Plaintiff of the diet programs available, told him that if those programs do not meet his needs he may make his specific request known, and that the Chaplain had advised Plaintiff that he may submit a "New or Unfamiliar Religious Components Questionnaire." (*Id.*). Defendant Holt also quoted BOP Policy Statement 5360.09 which provides that when information is required regarding a specific new practice, the Chaplain may ask the inmate to provide additional information. (*Id.*). Defendant Holt stated that his response was provided for informational purposes only. (*Id.*).

The Plaintiff filed a regional appeal in which he stated that Defendant Holt's response was not responsive to his request and that he had specifically stated in his administrative remedy request that his request for a halal/kosher diet is based on his interpretation of Nation of Islam texts and that his request was based on his sincerely held religious beliefs. (*Id.* at 23-24). He went on to state that his request was neither new nor unfamiliar due to the fact that another prisoner, Michael Norwood[6], had previously completed a "New or Unfamiliar Religious Components Questionnaire" that is on file with the regional office and USP Cannan. (*Id.* at 24).

The Regional Director denied Plaintiff's appeal. (*Id.*). The Regional Director explained the diets offered by the BOP, stated that the BOP did not have a diet such as the Plaintiff requested, and told Plaintiff that USP had correctly advised the Plaintiff to submit a "New and Unfamiliar Religious Components Questionnaire." (*Id.*). Plaintiff appealed this denial to the Central Office. (*Id.*).

In his appeal to Central Office, Plaintiff stated that he was a follower of The Honorable

---

[6]Michael Norwood also has a case regarding the religious diet pending in this court. *See Norwood v. Johnson,* 1:10-CV-01816 (M. D. Pa).

Elijah Muhammad (T.H.E.M.) and is a member of the Nation of Islam. (*Id.*). Plaintiff stated he sincerely holds the religious beliefs espoused by T.H.E.M. including dietary teaching in books by T.H.E.M. (*Id.* at 24-25). He requested to be served one meal a day, during the dinner meal, consisting only of foods listed as "allowed" in an attachment[7]. (*Id.*). He requested that food service be directed to immediately begin serving him one meal a day as he had outlined. (*Id.*) This appeal was also denied and it was noted that Plaintiff could submit a "New and Unfamiliar Religious Components Questionnaire." (*Id.*).

During the course of proceedings on their motion for summary judgment, Defendants contended that Plaintiff failed to exhaust his available administrative remedies. The Magistrate Judge noted that the Defendants first raised this argument in their reply brief. (*Id.* at n.5). Since the Magistrate Judge allowed the Plaintiff to file supplemental materials after the Defendants' reply brief and those materials addressed the exhaustion argument, the Magistrate Judge considered the exhaustion argument. (*Id.*). The Magistrate Judge recommended that we grant Defendant's motion for summary judgment for failure to exhaust administrative remedies because the Plaintiff failed to submit a "New or Unfamiliar Religious Components Questionnaire" and because his diet request changed over the course of his administrative appeals[8]. (*See id.* at 31).

Plaintiff objects to the Defendants' argument and the Magistrate Judge's R&R and claims he did exhaust his administrative remedies due to the fact that his appeal went all the

---

[7]In the page attached to his appeal form titled "Supplement," he stated that the meal should be nutritionally balanced and should provide all of the ten required dietary minerals (listed) and all of the nine required vitamins (A-K). He again referred to an attachment listing allowed foods. (Doc. 41, p 25).

[8]On pages 14-15 of Defendants' Reply Brief (Doc. 32), Defendants briefly note that BOP never had an opportunity to properly examine Plaintiff's request because he did not fill out the "New or Religious Components Questionnaire." However, Defendants' main argument for administrative exhaustion is concerned with Plaintiff never previously addressing the issue of the food packaging.

way up to the Central Office, and that he was denied relief at every step along the way. He also asserts that he was never afforded a meal that met his religion's requirements, and that the exhaustion claim should not be resolved via a motion for summary judgment. (*See* Doc. 49).

The Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies because his diet request changed over time and he failed to submit a "New or Unfamiliar Religious Components Questionnaire."[9] *Id.* at 31. The Magistrate Judge noted that in all of the responses to Plaintiff's administrative remedy requests, the Plaintiff was advised that if the current diets offered did not meet his needs he should submit a "New or Unfamiliar Religious Components Questionnaire." *Id.* at 30-31. The record indicates that Plaintiff never submitted this questionnaire and that his diet request changed over the course of his administrative appeals (originally requesting a halal vegetarian diet, but in appealing to the Central Office, requesting a diet that consisted of one meal a day and limited to foods on his "allowed" food list). *Id.* at 31. We agree with the Magistrate Judge that because Plaintiff failed to submit a "New or Unfamiliar Religious Components Questionnaire" as directed at each stage of the administrative process, and because Plaintiff's diet request changed over the course of his administrative appeals, Plaintiff failed to exhaust the available administrative remedies. *Id.*

We will adopt the Magistrate Judge's R&R and grant the Motion for Summary Judgment because we agree that Plaintiff failed to exhaust his administrative remedies. Proper exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford,* 548 U.S. at 89. Section 548.12 of Title 28 of the Code of Federal Regulations (C.F.R.) (outlining the Bureau of Prison's policies) states that "[i]nstitution chaplains are responsible for managing religious

---

[9]The Magistrate Judge found that Plaintiff did not waive his claim for the packaging issue by failing to present the claim to the Warden, Regional Director or Central Office. (Doc. 41, p. 29-30.) The Magistrate Judge found that the Plaintiff presented the packaging issue in his informal resolution attempt that was attached to his administrative remedy request. *Id.* Because of this, the Magistrate Judge concluded that Plaintiff did not waive his claim on the packaging issue. *Id.*

activities within the institution." 28 C.F.R. § 548.12. Religious activities is defined to include religious diets. 28 C.F.R. § 548.11. The Bureau provides a religious diet program that consists of two components: (1) self-selection for the main line (includes a no-flesh option and access to the salad/hot bar) or (2) accommodation through nationally recognized, religious certified processed foods. 28 C.F.R. § 548.20(a)(1). "Inmates wishing to participate in the religious diet program will make the request in writing. Chaplains will ordinarily conduct the oral interview... When the interview is completed, the chaplaincy team will review the request to determine how to accommodate the inmate's stated religious dietary needs." 28 C.F.R. § 548.20(a)(2).

While Plaintiff followed the steps outlined for exhausting administrative remedies, he failed to comply with the spirit and tenor of the exhaustion requirements, i.e. to allow prison officials an opportunity to adjudicate and to resolve claims. The Plaintiff began the exhaustion process when he submitted the informal resolution form. (Doc. 41, p. 22). Plaintiff was then informed of the available meal options and was told that if his needs were not met he could obtain a "New or Unfamiliar Religious Components Questionnaire" from the Chaplain and submit it[10]. *(Id.)*. Section 548.12(b) of Title 28 of the C.F.R. states:

> [i]nmates may request the introduction of new or unfamiliar religious components into the Chaplaincy Services program. When information is required regarding a specific new practice, the chaplain may ask the inmate to provide additional information which would be considered when deciding to include or exclude the practice from the Chaplaincy Services program.

28 C.F.R. § 548.12(b).

BOP's policies surrounding religious diet and Defendants' responses to Plaintiff's requests and appeals all inform Plaintiff of the need to file the "New or Unfamiliar Religious Components Questionnaire." Plaintiff was informed at every step of the appeal process to fill out the questionnaire, but he failed to comply. *(See* Doc.41, p. 31). Plaintiff's objections

---

[10]We note that Plaintiff mentioned Mr. Norwood's case previously and was aware that Mr. Norwood filled out the questionnaire. Thus, Plaintiff was aware of the requirement to complete the questionnaire in order to resolve a dietary issue.

merely state that he did exhaust his remedies because he followed the procedure outlined in the appeals process. (Doc. 43). While it may be true that Plaintiff completed each step in the appeal process, proper exhaustion requires more than there being no further process available to the inmate within the grievance system. *Spruill,* 372 F. 3d at 227-31.  It requires "using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits."  Plaintiff's failure to fill out the questionnaire precluded the agency from resolving the Plaintiff's dietary issues and resulted in Plaintiff not exhausting his administrative remedies. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006).

In *Woodford v. Ngo*, the Supreme Court held that PLRA requires a prisoner to exhaust any and all available administrative remedies, including the administrative review process. *Id.* Further, the Supreme Court noted that exhaustion of administrative remedies serves two main purposes: (1) to protect the administrative agency authority and (2) promote efficiency.  *Id.* at 89.  The prison system's authority here would not be protected if we allowed this claim to proceed after Plaintiff ignored the administrative directives as to what needed to be filed in order to receive the requested meals..  Further, efficiency is not promoted by allowing a prisoner's claim to proceed through the courts when the prisoner has refused to comply with all the procedures presented to him to resolve the issue at the initial stages.

Plaintiff does not address the issue of the questionnaire until his reply brief to Defendants' Objections to the R&R. (Doc. 43, 49).  Plaintiff states in his reply brief that he did fill out a "New or Unfamiliar Religious Components Questionnaire" on May 7, 2011[11]. (Doc. 50, p. 4).  In Defendants' Reply Brief in Support of their Objections to the Magistrate Judge's Report and Recommendation, Defendants state that Plaintiff was approved for a vegetarian certified food menu on May 13, 2011 and that the diet was made available to Plaintiff on June 5, 2011. (Doc. 53, p. 5).  We find this to be further evidence that completion

---

[11]We note that Plaintiff complied with the directive after the filing of the R&R.

of the "New or Unfamiliar Religious Components Questionnaire" was an essential component required by Defendants' in order to address Plaintiff's concerns. Based on the foregoing, we will adopt the R&R as to the Magistrate Judge's finding that Plaintiff failed to properly exhaust his administrative remedies. Accordingly we will grant Defendants' Motion for Summary Judgment. An appropriate order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE S. JUPITER, | : | |
| Plaintiff, | : | |
| | : | Civil No. 3:10-CV-01968 |
| v. | : | (Judge Kosik) |
| | : | |
| JOHN JOHNSON and | : | |
| RONNIE HOLT, | : | |
| Defendants. | : | |

## ORDER

AND NOW, this ___28___ day of September, 2011, IT IS HEREBY ORDERED THAT:

1.   Defendants' Motion to Exceed Page Limitation (Doc. 47) is granted;

2.   The April 26, 2011 Report and Recommendation of Magistrate Judge Smyser (Doc. 41) is **ADOPTED**;

3.   Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is **DENIED** as moot;

4.   Defendants' Motion for Summary Judgment (Doc. 14) for failure to exhaust administrative remedies is **GRANTED;**

5.   Judgment is hereby entered in favor of Defendants and against Plaintiff; and

6.   The Clerk of Court is directed to **CLOSE** this case, and to **FORWARD** a copy of this Memorandum and Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge

14